UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br>MEDICAL CORP. KOUYUUKAI,<br><br>Applicant. | Case No. 20-mc-80208-SVK<br><br>**ORDER ON *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Medical Corp, Kouyuukai Dental Office dba Matsuyama Dental Office (the "Office") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. 1. The Office is a dental office located in Japan operated by Yasumasa Matuyama, DDS. Dkt. 2 (Declaration of Tomohiro Kanda) ¶ 4. The Office requests permission to subpoena information relating to the Google accounts of users who posted negative statements on the Office's Google Maps page. Dkt. 1 at 2. The Office alleges that these statements are actionable as defamation and intentional interference with business relations under Japanese law. *Id.*; Dkt. 3 ¶¶ 13-14.

The Court **GRANTS** the Office's section 1782 application for the reasons and on the conditions discussed below.

I. **BACKGROUND**

The Office is a dental office located in Japan. Dkt. 1 at 2-3; Dkt. 2 ¶ 4. In January, June, and July, 2020, Google users posted one-star reviews and "false and defamatory statements" on the Google Maps page associated with the Office. Dkt. 1 at 3-6; Dkt. 2 ¶ 5 and Ex. B. The Office asserts that it intends to bring a lawsuit in Japan against the people who control the Google Accounts that posted these reviews of the Office as soon as their identities are ascertained. Dkt. 1 at 7-8; Dkt. 2 ¶ 8. As a result, the Office seeks discovery of the account users' identities by subpoena to Google.

II. **LEGAL STANDARD**

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782 as long as the disclosure would not violate a legal

privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a section 1782(a) request:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261–63.

A district court's discretion is guided by the twin aims of section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15,

1  2010)) (internal quotation marks omitted).  "Consequently, orders granting § 1782 applications

2  typically only provide that discovery is 'authorized,' and thus the opposing party may still raise

3  objections and exercise its due process rights by challenging the discovery after it is issued via a

4  motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex

5  parte*."  *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ,

6  2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

7  Unless the district court orders otherwise, the discovery authorized by the court must be

8  obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re*

9  *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

10 Cir. 1994).

**III.    DISCUSSION**

**A. Statutory Requirements**

The Office's application satisfies the statutory requirements of section 1782(a).  First, the subpoena seeks discovery from Google, which is located in this District.  Dkt. 3 ¶ 7 and Ex. A.  Second, the Office requests this discovery for use in a civil action for defamation and intentional interference with business relations that it intends to file in Japan as soon as it learns the identity of the Google account users responsible for the relevant postings.  Dkt. 1 at 10; Dkt. 2 ¶¶ 8, 15.  This proceeding before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).  Third, the Office, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

**B. *Intel* Factors**

Although the Office's application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

**1. Participation of Target in the Foreign Proceeding**

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding.  *Intel*, 542 U.S. at 247.  However, "the key issue is whether the material is obtainable through the foreign proceeding."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *3

3

1  (internal quotation marks and citation omitted).

2  According to the application, Google will not be a party to the civil action the Office plans to bring in Japan. Dkt. 2 ¶ 9. The documents the Office seeks by subpoena are located in the United States, and the Office contends that the evidence is thus outside the reach of a Japanese court's jurisdiction. *See id.* ¶ 10; Dkt. 1 at 11-12. Under these circumstances, the Court finds that there is a need for assistance pursuant to section 1782, so this factor weighs in favor of permitting discovery

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, the Office represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States. Dkt. 1 at 12. In the absence of evidence that Japanese courts would object to the Office's discovery of the information sought in the subpoena, or that Japanese courts object more generally to the judicial assistance of U.S. federal courts, the

1  Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether the Office's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

The Office supports the application with the declaration of Mr. Kanda, an attorney for the Office who is licensed to practice in Japan. Dkt. 2 ¶ 1. Mr. Kanda states that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence the Office seeks here. *Id.* ¶ 11. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account-users, the Court concludes that this factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Office's proposed subpoena to Google seeks the following documents:

> The names including any and all names, addresses, e-mail addresses, recovery email(s), recovery telephone number(s) and telephone numbers of the registered users for the accounts of 1) Mai Tanaka; 2) Sansan; 3) Etsuko Suzuki; 4) Naoko Suzuki.

Dkt. 4. The subpoena appropriately does not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*).

5

The Office does not state whether the information it seeks is confidential to the account user(s) at issue, but the Court assumes that it is. Although it is appropriate to authorize the Office to seek information sufficient to identify the users of the Google accounts at issue, the categories in the proposed subpoena are both vague and overly broad.

First, the proposed categories are vague because they list only names without any associated information about the corresponding Google accounts. For example, there may be multiple Google users with name "Mai Tanaka" or whose name includes "Sansan." The subpoena to Google must more specifically define the accounts for which information is sought by, at a minimum, including the URL for each review at issue as set forth in paragraph 5 the Kanda Declaration.

Second, the categories in the proposed subpoena are also overly broad. In particular, the Office does not adequately define the time period for which information is sought. In light of the Office's representation in its section 1792 application concerning the dates on which the reviews at issue were posted, the following modified categories, along with the additional information required in the preceding paragraph, will be sufficient to obtain the information sought:

- For the account associated with the review posted by Mai Tanaka on July 13, 2020, the requested information must be limited to the period June 13, 2020 to August 12, 2020.
- For the account associated with the review posted by Sansan on June 7, 2020, the requested information must be limited to the period May 8, 2020 to July 7, 2020.
- For the account associated with the review posted by Etsuko Suzuki on June 2, 2020, the requested information must be limited to the period May 3, 2020 to July 2, 2020.
- For the account associated with the review posted by Naoko Suzuki on January 14, 2020, the requested information must be limited to the period December 15, 2019 to February 13, 2020.

Accordingly, subject to the requirements discussed below, the Court will permit the Office to serve a subpoena on Google that includes only the modified categories identified above.

6

## IV. CONCLUSION

The Office's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena proposed by the Office, as modified by the Court.

Accordingly, the Court authorizes service of a modified subpoena on Google that incorporates the changes noted above. This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account user(s) whose identifying information is sought, and the Court orders the Office to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, the Office must also serve a copy of this order on Google.
2. Within 10 calendar days of service of the subpoena and this order, Google shall notify each of the account users that their identifying information is sought by the Office and shall serve a copy of this order on each such account user.
3. Google and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. If any party contests the subpoena, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.
5. Any information the Office obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and the Office may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**SO ORDERED.**

Dated: February 1, 2021

SUSAN VAN KEULEN
United States Magistrate Judge

7